IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISAN CONTANT,  :
   :
    Plaintiff  :
   : CIVIL NO. 1:CV-10-0075
  vs.  :
   : (Judge Caldwell)
MARY SABOL, *et al.*,  :
   :
    Defendants  :

*M E M O R A N D U M*

I. *Introduction*

    Isan Contant, a detainee of Immigration and Customs Enforcement (ICE), formerly housed at the York County Prison (YCP), in York, Pennsylvania,[1] filed this civil rights action alleging YCP officials improperly: confiscated a photograph he received in the mail; placed him in administrative custody prior to issuing him a misconduct; and failed to issue a check using funds from his prison account to pay a business debt Plaintiff owed. Named as defendants are the following YCP employees: Warden Mary Sabol; Jennifer Rogers; Valerie Krepps; Counselor Lois; Richard Hodorovic; Officer John Doe; Deputy Warden Doll; and Deputy Warden John Doe. *Id.*

    Presently before the Court is defendants' Motion to Dismiss (doc. 15) based on Contant's failure to exhaust his available administrative remedies and failure to state a claim. For the following reasons, defendants' motion will be granted.

---

[1] Contant is currently housed at the Perry County Prison in New Bloomfield, Pennsylvania.

II. *Standard of Review*

On a motion to dismiss, "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). If a party does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

An individual's status "as an immigration detainee is akin to that of a pretrial detainee." *Harvey v. Chertoff*, 263 F. App'x 188, 191 (3d Cir. 2008)(per curiam) (nonprecedential). A pretrial detainee is protected by the Due Process Clause of the

Fourteenth Amendment. *Hubbard v. Taylor*, 399 F.3d 150, 157-80 (3d Cir. 2005); *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000).

III. *Background*

Plaintiff alleges the following. On December 1, 2009, Contant requested Counselor Lois to withdraw funds from his inmate prison account and forward them to a business entity. Doc. 1 at p. 9.[2] Even though he had sufficient funds in his YCP prison account, Counselor Lois refused Contant's request. Counselor Lois denied the request per the order of Warden Sabol. *Id.*

On December 21, 2009, Counselor Krepps stated that "the prison does not issue checks to other businesses on behalf of inmates." *Id.* Plaintiff claims these defendants denied him reasonable access to his money, violating his "constitutional rights." *Id.*

On December 25, 2009, Officer Hodorovic placed Contant in disciplinary segregation, also known as the Behavioral Adjustment Unit (BAU), prior to his receipt of a disciplinary sanction. *Id.* at p. 6. Contant states that the YCP Inmate Handbook requires that inmates in a "pending investigation" status are to be placed in the Intensive Custody Unit (ICU) rather than the BAU which is for inmates that have received disciplinary sanctions. *Id.* Contant claims Hodorovic violated both the YCP rules and his due process rights. *Id.*

---

[2] Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

On December 30, 2009, Jennifer Rogers chaired a disciplinary hearing involving Contant. *Id.* Apparently, Contant was charged with assaulting another inmate at 9:40 a.m. on December 25, 2009. *Id.* Contant testified that he was not awake at 9:40 a.m. that day and did not believe the issuing officer was present at the facility at that time. *Id.* Jennifer Rogers and other Disciplinary Board members conceded that the issuing officer was not working on December 25, 2009, at approximately 9:40 a.m. as reflected in the disciplinary report. *Id.* Jennifer Rogers told Contant that he would not "beat this on a technicality." *Id.* at p. 6. Meaning that while she believed the officer "must have made a mistake on the time," she found the officer's report that he/she "witnessed" Contant assault another inmate was "more credible than inmate's defense." *Id.* at pp. 7-8. Contant believes Rogers was not an impartial adjudicator and violated his due process rights.

On January 5, 2010, Officer John Doe withheld the delivery of a photograph sent to Contant claiming it was an "explicit photo." *Id.* at p. 4. Plaintiff was not permitted to see the photo prior to its confiscation and does not believe it to be violative of the YCP's policy against receipt of sexually explicit material. *Id.* Contant filed this action on January 7, 2010, prior to completing the grievance process as to facts giving rise to the claims in his Complaint. *Id.* at pp. 1 and 3.

IV.  *Discussion*

> A. *YCP Defendants' Denial of Disbursement of Contant's Inmate Account Funds to a Third-Party Business Fails to State A Claim.*

Contant alleges that on December 1, 2009, Counselor Lois refused to issue a check or money order using funds from his prison account to pay a "business entity." (Doc. 1, Compl. CM/ECF p. 9). He avers that defendant Krepps told him that the "prison does not issue checks to other businesses on behalf of inmates." (Id.) Plaintiff contends that he was "deprived of reasonable access to his property and of the opportunity to disburse . . . his money to all businesses and persons as he is legally entitled" to. (Id.).

Plaintiff does not identify the federal right he relies on. When he writes of being deprived of access to his property, he appears to be invoking the Due Process Clause of the Fourteenth Amendment.[3] To prevail on a procedural due process claim, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property and (2) that the deprivation occurred without due process of law. *Burns v. PA Dept. of Corr.,* 544 F.3d 279, 284 (3d Cir. 2008).

To the extent Contant is attempting to assert a due process claim based on the loss of use of his property, the claim lacks merit. Inmates have a property interest in funds held in prison accounts, *Burns*, 544 F.3d at 286, but here Plaintiff is asserting the right to use his prison account as if it were a private bank account. Whatever limits the due

---

[3] The Fourteenth Amendment provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

process clause may put on a prison's control of inmate or detainee accounts, it was not breached here by YCP.

### B. Administrative Segregation and Disciplinary Proceeding

Contant states he was placed in the BAU, rather than the ICU, in advance of his receipt of a false disciplinary report for assault.[4]

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against the deprivation of liberty without due process of law, we think the proper inquiry is whether those conditions amount to punishment of the detainee.

*Bell v. Wolfish*, 411 U.S. 520, 535, 99 S.Ct. 1861, 1872, 60 L.Ed.2d 447 (1979). A pretrial detainee "'may not be punished prior to an adjudication of guilt in accordance with due process of law.'" *Fuentes v. Wagner*, 206 F.3d 335, 342 (3d Cir. 2000)(quoting *Bell*, 441 U.S. at 535, 99 S.Ct. at 1872). As maintaining "'security and order at the institution is a permissible non-punitive objective,'" whether a prison's "'restrictions and practices constitute punishment in the constitutional sense depends on whether they are rationally related to a legitimate nonpunitive government purpose and whether they appear excessive in relation to that purpose.'" *Fuentes*, 206 F.3d at 342 (quoting *Bell*, 441 U.S. at 561, 99 S.Ct. at 1886). In other words, there is a "'distinction between punitive measures that may not constitutionally be imposed prior to a determination of guilt and regulatory restraints that may.'" *Fuentes*, 206 F.3d at 342 (quoting *Bell*, 441 U.S. at 537, 441 U.S. at 1873).

---

[4] While Contant contends the BAU is used for disciplinary segregation while the ICU is where inmates are placed pending investigations (administrative custody), this distinction is immaterial for our discussion. Both the BAU and ICU are more restrictive units than being in general population.

Contant complains that on December 25, 2009, Officer Hodorovic improperly placed him in disciplinary custody prior to his receipt of a hearing after being charged with assaulting another inmate. Doc. 1, Compl. at pp. 6-7. Plaintiff alleges that CO Hodorovic violated "both YCP rules and Plaintiff's due process rights" when he was placed in the BAU rather than the ICU. *Id.* at p. 6. Accepting the allegations of the Complaint as true, Contant was accused of assaulting another inmate on the same day he was placed in the BAU. Thus, Contant was aware of the reason for his removal from general population. Ensuring security and order at the institution is a permissible nonpunitive objective. In the absence of substantial evidence indicating that officials have exaggerated their interest in maintaining security and order and operating the institution in a manageable fashion, "courts should ordinarily defer to [the officials'] expert judgment in such matters." *Hubbard*, 399 at 159 (quoting *Bell*, 441 U.S. at 540 n. 23, 99 S.Ct. 1875 n. 23). Given the nature of the disciplinary charge, Contant's placement in restricted housing prior to his receipt of a disciplinary hearing, was not an exaggerated response. Contant's placement in a segregated unit, under these circumstances, was reasonably related to the YCP's interest in maintaining security and order. *See Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008). A due process violation cannot be found based on CO Hodorovic's actions as set forth in the Complaint.

Next, we address Contant's challenge to his December 30, 2009, misconduct hearing for the alleged assault. He claims the disciplinary report is factually deficient as to the time of the alleged assault and that Jennifer Rogers, who adjudicated the disciplinary hearing, was biased. Doc. 1 at pp. 7-8.

Contant does not claim he was denied adequate written notice of the charge, or that he was denied the right to call witnesses or present documentary evidence on his behalf. He does not aver he did not receive a written statement outlining the evidence relied upon by the fact finder or the reasons for her conclusions. Here, Contant's claim is that his disciplinary proceedings were constitutionally deficient because the reporting officer's time of the alleged incident was incorrect. He also claims Jennifer Rogers was not an impartial adjudicator based on her decision to disregard this discrepancy and find the reporting officer's statement that he/she "witnessed" Contant's assault on another inmate more credible than Contant's defense. Doc. 1 at pp. 7-8. Even accepting that the time reported on the misconduct report was in error, Contant does not suggest that Rogers relied on false information in reaching her decision. Instead, he simply disputes that Rogers could rely on the officer's statement, given the time discrepancy. We disagree. The statement by the issuing officer that he or she witnessed Contant assault another inmate is "some evidence" to support the disciplinary finding, despite the time discrepancy. Consequently, Contant fails to state a due process violation in connection with his disciplinary hearing.

### C.  *Confiscated Photograph*

On January 5, 2010, Officer Doe confiscated a photograph from Contant's incoming personal mail. Doc. 1, Compl. at p. 4. "Plaintiff agrees with Defendants that this count should be dismissed." Doc. 17, Br. in Opp'n to Defs.' Mot. to Dismiss at p. 1.

We will issue an order dismissing this case. We will not grant leave to amend because amendment would be futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 18, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ISAN CONTANT, :
:
    Plaintiff :
: CIVIL NO. 1:CV-10-0075
  vs. :
: (Judge Caldwell)
MARY SABOL, *et al.*, :
:
    Defendants :

# *O R D E R*

AND NOW, this 18th day of March, 2011, in accordance with the accompanying Memorandum, it is ordered that:

    1. Defendants' Motion to Dismiss (doc. 15) is granted and Plaintiff's complaint is dismissed.

    2. The Clerk of Court shall close this file.

                                  /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge